# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| LK WATERLOO, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY OF WATERLOO,<br><br>              Defendant. | No. 19-cv-2033-CJW<br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Before me is Defendant's Motion for Sanctions filed September 17, 2020. (Doc. 39.) Plaintiff has filed no resistance. Because the sanctions I recommend include dismissal of the action, I have chosen to proceed by issuing a Report and Recommendation. *See Avionic Co. v. Gen. Dynamics Corp.,* 957 F.2d 555, 559 (8th Cir. 1992) (district court properly adopted the magistrate judge's report and recommendation of dismissal as a discovery sanction.) I find that no hearing on the matter is necessary.

## II. BACKGROUND

This case arises from agreements to redevelop a hotel and convention property in Waterloo. The substance of the lawsuit quickly took a backseat to a series of motions by Defendant to continue trial, to compel discovery, and for sanctions, all arising for Plaintiff's failure to provide discovery. In fairness, some of the discovery delays were legitimately attributable to Plaintiff's counsel's illness and the August 10, 2020 derecho. (Doc. 38.) More recently, however, it has become clear that Plaintiff has lost interest in the lawsuit, if it has not abandoned it altogether.

Defendant asserts that its defense hinges on Plaintiff's breach of the agreements between the parties that, presumably, excused Defendant's performance. (Doc. 39-1 at

2.)   Thus, Defendant sought information and documents from Plaintiff related to the agreements. (*Id.*) Defendant asserts that Plaintiff has still not provided responsive documents despite my May 21, 2020 order compelling it to do so. (*Id.* (citing Doc. 23).) It appears Plaintiff never fully complied with my prior order compelling production:

> Additional documents in response to the City's Request for Production of Documents were provided on August 13, 2020. The documents produced do not provide any detail regarding the reasons for the failed acquisition of the hotel property. This information is vital to the City's defense in this case.

(*Id.*) While I previously declined to award sanctions, I did admonish Plaintiff "to avoid any further delays and expedite the provision of information responsive to Defendant's requests." (Doc. 38 at 2.) This admonition has not been heeded.

On August 24, 2020, at Defendant's request, I extended the discovery deadline to September 22, 2020 solely to permit the Rule 30(b)(6) deposition of Plaintiff. (Doc. 37.) On September 10, 2020, Plaintiff's then-counsel notified Defendant that Edwin Leslie would appear as the designated 30(b)(6) deponent for a deposition on September 15, 2020. Although the attorneys and the court reporter all appeared for the remote deposition, Mr. Leslie did not appear and has not provided any excuse for his failure to appear. (Doc. 39-1 at 3.)

Plaintiff's former attorneys filed a motion to withdraw on September 21, 2020, alleging, "There has been a complete breakdown in the attorney client relationship between the Plaintiff and the Firm, such that the Firm cannot provide effect representation to Plaintiff." (Doc. 40 at 1 ¶ 3.) On October 7, 2020, I held a hearing on the motion to withdraw. My order setting that hearing stated, "An authorized representative of Plaintiff LK Waterloo, LLC in addition to the attorneys for the parties must personally attend." (Doc. 42 at 1.) While Plaintiff's attorneys appeared, no other representative of Plaintiff bothered to attend. My order granting the motion to withdraw stated,

> LK is required to have new counsel appear on its behalf by October 17, 2020. At the hearing on October 7, 2020, I confirmed that no resistance

2

has been filed to Defendant City of Waterloo's motion for sanctions which requests the case be dismissed. (Doc. 39.) Thus, LK is on notice that this matter may be subject to dismissal for the reasons set forth in that motion.

(Doc. 44 at 1.) Plaintiff's counsel notified Plaintiff of this requirement and the possible consequences as ordered. (Doc. 45 at 1-2.) Thus, Plaintiff is in default of my order and is unrepresented.

### III. DISCUSSION

Defendant principally relies on Federal Rule of Civil Procedure 37(d) which permits the Court to issue sanctions if "a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition." Defendant also relies on Plaintiff's repeated failures to provide discovery and comply with the Court's orders.

> Dismissal under Rule 37 is permitted only where there is an order compelling discovery, a willful violation of the order, and prejudice. [*Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014.)] If the violation is willful and in bad faith, then the appropriateness of dismissal as a sanction is "entrusted to the sound discretion of the district court." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992). Under Rule 41(b), the focus is foremost on the egregiousness of the plaintiff's conduct, and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court. *See Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (per curiam). "An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).

*Burgett v. Gen. Store No Two Inc.*, 727 Fed. Appx. 898, 900 (8th Cir. 2018) (unpublished), *cert. denied sub nom. Burgett v. Gen. Store No. Two, Inc.*, 139 S. Ct. 2638 (2019).

*Burgett* upheld the dismissal of a civil rights action as a sanction under Federal Rules of Civil Procedure 37(b)(2) and 41(b) for the plaintiff's violation of court orders. *Id.* Those orders included an order requiring the plaintiff to attend a discovery-dispute hearing, an order requiring him to answer interrogatories and to provide requested

3

authorizations, and an order directing the parties to confer as to the date and time of the continued deposition of the plaintiff and requiring him to appear at the continued deposition. *Id.* The only significant distinction between *Burgett* and the case at bar is that the plaintiff in *Burgett* at least attempted to offer justifications for his violations. *Id.* at 901.

Here, Plaintiff offers no excuse. At the hearing on the motion to withdraw, I asked whether Mr. Leslie was under a disability that would have prevented his attendance at the hearing. Plaintiff's counsel was unaware of any such disability. Based on this record, I can only conclude that Plaintiff willfully and in bad faith violated the discovery order that required it to produce information and "to avoid any further delays and expedite the provision of information responsive to Defendant's discovery requests." I find these violations and Plaintiff's failure to attend his deposition have prejudiced Defendant in its ability to prepare the case for trial and to file a dispositive motion. Moreover, the discovery deadline has now been extended three times to permit time for the completion of discovery. Plaintiff's failure to appear for his deposition, failure to appear for the hearing on the motion to withdraw, and failure to retain counsel to appear on its behalf persuade me there is no reasonable likelihood Plaintiff will ever provide Defendant the discovery to which it is undoubtedly entitled.

Defendant also seeks an order requiring Plaintiff to pay reasonable expenses, including attorney fees, incurred in bringing the motion for sanctions. If a motion to compel is granted, then Federal Rule of Civil Procedure 37(a)(5)(A) requires the party whose conduct necessitated the motion "to pay the movant's reasonable expenses incurred in making the motion, including attorney fees," absent certain exceptions not applicable here. Similarly, Rule 37(b)(2)(C) provides that in addition to other sanctions, if a party fails to comply with an order compelling discovery, the disobedient party must pay "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

4

Plaintiff's failure to provide the requested discovery, or comply with the Court's order compelling discovery, was not "substantially justified." Furthermore, there are no "other circumstances" that would make an award of expenses unjust. Accordingly, Plaintiff should be required to pay Defendant's reasonable expenses, including attorney's fees, associated with the filing of the motion for sanctions (Doc. 39). Defendant should be directed to submit a separate application specifying the amounts claimed, with Plaintiff given an opportunity to respond.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, I respectfully **recommend** that the Motion for Sanctions **(Doc. 39)** filed by the Defendant be **granted**. I further **recommend** that Plaintiff's complaint be **dismissed with prejudice**. I finally **recommend** that Plaintiff should be required to pay Defendant's **reasonable expenses, including attorney's fees**, associated with the filing of the motion to compel and motion for sanctions and that Defendant be directed to submit a separate application specifying the amounts claimed, with Plaintiff given an opportunity to respond.

The parties must file objections to this Report and Recommendation within fourteen (14) days of the service of a copy of this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. See Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to de novo review by the District Court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** this 23rd day of October, 2020.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa