# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| LK WATERLOO, LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF WATERLOO,<br>  Defendant. | No. 19-CV-2033-CJW-MAR<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

_____

## I. INTRODUCTION

This matter is before the Court on a Report and Recommendation ("R&R") issued by the Honorable Mark A. Roberts, United States Magistrate Judge (Doc. 46) which recommends the Court grant defendant's Motion for Sanctions (Doc. 39) and dismiss this case with prejudice. Plaintiff did not resist defendant's motion and did not timely object to Judge Roberts's R&R.

For the following reasons, the Court **adopts** Judge Roberts's R&R without modification, **grants** defendant's Motion for Sanctions, and **dismisses this case with prejudice**.

## II. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Nevertheless, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. ANALYSIS

Neither party objected to Judge Roberts's R&R. Thus, the Court reviews it for clear error. *See Grinder*, 73 F.3d at 795. The Court finds no clear error in either Judge Roberts's factual or legal analysis. As accurately discussed in the R&R, plaintiff has lost interest in or outright abandoned this lawsuit. In sum, plaintiff failed to heed Judge Roberts's warning to comply with discovery, failed to appear as required, and failed to obtain new counsel as directed. These failures occurred despite the Court's repeated

accommodation of plaintiff and warnings of dismissal. These failures were in bad faith, without excuse, and prejudicial to defendant.

## IV. CONCLUSION

Thus, as Judge Roberts found, plaintiff's failure to provide discovery and comply with the Court's orders warrants both dismissal of this case with prejudice and plaintiff's payment of defendant's reasonable expenses such as attorney's fees and filing fees related to defendant's Motion for Sanctions (Doc. 39).

For these reasons, the Court **adopts** Judge Roberts's R&R without modification (Doc. 46), **grants** defendant's Motion for Sanctions (Doc. 39), and **dismisses this case with prejudice**. The Clerk's Office is **directed** to enter judgment in favor of defendant. Defendant is **directed** to submit a separate application on or before November 23, 2020, specifying the amount of expenses claimed. Plaintiff has until November 30, 2020, to file a response to defendant's application.

**IT IS SO ORDERED** this 16th day of November, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa